IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC ELIJAH MONTOYA,

    Plaintiff,

v.                                                                                   Civ. No. 16-1089 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND</u>**

**THIS MATTER** is before the Court on Plaintiff Eric Elijah Montoya's Motion to Remand to Agency for Rehearing. Doc. 21. For the reasons discussed below, the Court will GRANT Plaintiff's motion and remand this action to the Commissioner for further proceedings consistent with this opinion.

**I.    Background**

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income on February 11, 2015. AR 10. Plaintiff alleged disability due to traumatic brain injury, depression, anxiety, and sleep disorder. AR 53. Plaintiff alleged a disability onset date of July 1, 2013. AR 53. Plaintiff's claims were initially denied on September 4, 2015, and upon reconsideration on January 27, 2016. AR 10. On May 26, 2016, the Administrative Law Judge (ALJ) held a hearing via videoconference. AR 10. The ALJ denied Plaintiff's claims on July 11, 2016. The Appeals Council subsequently denied Plaintiff's request for review. Doc. 1. This appeal followed.

Because the parties are familiar with record in this case, the Court will discuss Plaintiff's

medical history to the extent that it is relevant to the issues before the Court. Plaintiff was examined by Dr. Patrick Silverthorne on August 14, 2015. AR 586. Dr. Silverthorne found that Plaintiff "had difficulty with fine and gross manipulative skills in the right hand…[and] [s]light decreased capacity to make fist" due to previous 3rd and 4th phalangeal fractures. AR 589. Nevertheless, Dr. Silverthorne opined that Plaintiff "has no limitations on ability to…reach [and] handle." AR 590.

Subsequently, non-examining state agency physician Mark Werner, M.D. reviewed Dr. Silverthorne's records and found that Plaintiff is limited in handling (gross manipulation) and fingering (fine manipulation) in his right hand. AR 64. Dr. Werner opined that Plaintiff should be limited to frequent handling and fingering. AR 64.

In her decision, the ALJ gave "great weight" to Dr. Silverthorne's opinions. AR 16. While noting that Dr. Silverthorne indicated that Plaintiff had decreased capacity to make a fist with his right hand, the ALJ found that Plaintiff had normal fine and gross manipulative skills. AR 16. The ALJ did not address Dr. Werner's opinion that Plaintiff is limited to frequent handling and fingering. Ultimately, the ALJ found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels" but with certain non-exertional limitations. AR 14. The vocational expert testified that Plaintiff would be able to perform the requirements of hospital cleaner or dishwasher. The ALJ found that these occupations existed in significant numbers in the national economy and therefore found Plaintiff not disabled.

## II. Applicable Law

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in

reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Furthermore, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III. Analysis

Plaintiff raises a number of issues for review. Plaintiff first claims that there is not substantial evidence to support the ALJ's RFC finding because the ALJ failed to weigh the

evidence properly, failed to provide a function-by-function assessment, and failed to consider all of Plaintiff's limitations. Second, Plaintiff claims that these errors tainted the vocational expert's testimony and that the ALJ failed to resolve conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. Because the Court agrees that the ALJ failed to account for all of Plaintiff's limitations, and that this error was not harmless, the Court concludes that remand is appropriate.

The basis of Plaintiff's contention on this point is that the ALJ failed to incorporate limitations in the RFC reflecting impairments in handling and fingering. Plaintiff argues that despite the ALJ giving Dr. Silverthorne's opinion that Plaintiff had no functional limitations "great weight," she failed to resolve the inconsistency between this opinion and his finding that Plaintiff had limitations in handling and fingering. Further compounding this discrepancy is the ALJ's failure to address Dr. Werner's opinion that due to Plaintiff's impairment in this area, he should be limited to "frequent" handling and fingering, as opposed to constant.

Defendant does not dispute that the ALJ failed to resolve the discrepancy in Dr. Silverthorne's opinions or address Dr. Werner's opinion regarding this limitation but instead argues that the error is harmless. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing that a harmless error analysis is applicable if no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way). The basis of Defendant's argument is that although Defendant acknowledges that a finding that Plaintiff is limited to frequent handling and fingering would preclude a finding that Plaintiff could perform the job of dishwasher, it would not preclude Plaintiff from performing the job of hospital cleaner. Defendant contends that a significant number of these jobs exist in

5

the national economy and, therefore, a finding of non-disability is still warranted. For the reasons explained below, the Court rejects this argument.

Defendant's argument is contingent on the Court finding that the 78,000 hospital cleaner jobs in the national economy constitutes a "significant" number. As the Tenth Circuit has warned, however, "judicial line-drawing in this context is inappropriate." *Chavez v. Barnhart*, 126 Fed App'x 434, 436 (10th Cir. 2005). This is because "the question of whether the numbers of jobs available is significant is fact-specific and requires evaluation on an individual basis" and should therefore "be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (citing *Trimier v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992); *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004). In some cases, however, the Court may determine as a matter of law that a certain number of jobs are "significant." *See Allen*, 357 F.3d at 1144 (stating that it is inappropriate for a court to make such a finding unless it can hold as a matter of law that significant jobs exist in the national economy).

Defendant does not cite any cases regarding the number of jobs that must exist in the national economy in order for the Court to determine as a matter of law that 78,000 is sufficient. In *Raymond v. Astrue*, the Tenth Circuit concluded that 1.34 million jobs constitutes a significant number as a matter of law. 621 F.3d 1269, 1274 (10th Cir. 2009). Further, a review of unpublished cases in the Tenth Circuit indicates that 152,000 jobs in the national economy is likewise sufficient to permit a court to determine significance as a matter of law. *Ferguson v. Berryhill*, No. 16-1348, 2017 WL 2536436 (D. Kan. June 6, 2017) (providing review of case law on this point and concluding that 152,000 jobs is the lowest number of jobs found to be significant as a matter of law); *Ladenburger v. Colvin*, No. 15-02182, 2017 WL 1352274, *4 (D.

6

Colo. April 13, 2017) (citing *Stokes v. Astrue*, 274 Fed. App'x 675 (10th Cir. 2008)). Courts are not in agreement, however, with regard to how many jobs below 152,000 are sufficient to constitute a significant number. Courts in the Tenth Circuit have declined to find harmless error when jobs exist in the national economy that number 49,957, 55,000, 39,000, 18,000, and 30,000. *Ferguson v. Berryhill*, No. 16-1348, 2017 WL 2536436 *6 (citing cases). Other courts have interpreted a recent unpublished Tenth Circuit case as impliedly finding that significance can be reached when jobs in the national economy number more than 11,000. *King v. Berryhill*, No. 16-1147 KBM, 2018 WL 851358, *12-13 (D. N.M. February 12, 2018) (interpreting *Rogers v. Astrue*, 312 Fed. App'x. 138 (10th Cir. 2009); *Padilla v. Berryhill*, No. 16-106, 2017 WL 3412089, *12 (D. N.M. March 28, 2017) (same).

While unpublished, the Tenth Circuit case most similar to the present case is *Chavez v. Barnhart*, 126 Fed App'x 434, 436 (10th Cir. 2005). There, the ALJ found three types of jobs the claimant could perform. *Id*. at 436. On appeal, however, the Commissioner conceded that only one of those jobs, numbering 49,957 nationally, was suitable for the claimant. *Id*. The Tenth Circuit remanded the case "because the ALJ did not have an opportunity to evaluate whether [this job], standing alone, existed in significant numbers under [42 U.S.C. § 423(d)(2)(A)]." *Id*.

*Chavez* stands in contrast to *King* and *Padilla* due to the procedural posture of the case. Unlike *King* and *Padilla* where the courts were reviewing the ALJs' factual determinations, the issue in *Chavez* and the present case is whether it is permissible, pursuant to a court's harmless error analysis, to determine significance as a matter of law. That is, instead of conducting a substantial evidence review, a court performing a harmless error analysis would essentially be making a factual determination as to whether sufficient jobs exist in the national economy. The

7

Tenth Circuit has made clear that factual determinations such as whether the number of jobs is significant "should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular situation." *Trimiar*, 966 F.2d at 1330 (quotation omitted). In *Chavez*, the Tenth Circuit declined the Commissioner's invitation to find that approximately 50,000 jobs nationally is significant as a matter of law. 126 Fed. App'x at 436-37. Consistent with *Chavez*, and given the high bar the Tenth Circuit has set for a court to determine significance as a matter of law, the Court declines to conclude as a matter of law that 78,000 jobs in the national economy constitutes a significant number. As such, the Court finds that the ALJ's error in this case was not harmless.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand to Agency (Doc. 21). The Court therefore reverses the Commissioner's decision finding Plaintiff not disabled and remands this action to the Commissioner to conduct further proceedings consistent with this Opinion.

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent